[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The defendant in the instant motion to strike assumes a most interesting posture. While placing the plaintiff at the defendant's facility, doing work which is part of the process in the trade or business of the defendant, it carefully avoids describing defendant as a "principal employer". As Shakespeare once put it:
 "What's in a name? That which we call a rose. By any other name would smell as sweet." Romeo and Juliet, II:2.
If defendant wishes to argue that indicia-wise it was plaintiff's principal employer, then clearly it is bound by § 31-291
C.G.S. which provides in part:
 "When any principal employer procures work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work is procured to be done is part of a process in the trade or business of such CT Page 3247 principal employer, and is performed in, on or about premises under his control, such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or subcontractor."
Here, all compensation benefits have been admittedly paid by Charter Temporary Services, the intervening plaintiff.
Section 31-291 goes on to provide:
 "The provisions of this section shall not extend immunity to any principal employer from a civil action brought by an injured employee or his dependent under the provisions of § 31-293 to recover damages resulting from personal injury or wrongful death occurring on or after May 28, 1988, unless such principal employer has paid compensation benefits under this chapter to such injured employee or his dependent for the injury or death which is the subject of the action."
The court finds that the defendant cannot claim immunity from suit. The motion to strike is denied.
Comerford, J.